**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

Wells Fargo & Company,

Plaintiff,

v.

Louis Lu, pacificamericanintl.co., and Network Commerce, Inc. d/b/a domainzero.com

Defendants.

Case No.: 01-663 (JMR/FLN)

**PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL PURSUANT TO FED. R. CIV. P. 41(a)(1)(i)**

Pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure, plaintiff Wells Fargo & Company through its respective undersigned attorneys, hereby gives notice that this action against Defendants Louis Lu and pacificamericanintl.co is dismissed without costs or disbursements to any party.

FILED NOV 7 2001
RICHARD D. SLETTEN, CLERK
JUDGEMENT ENTERED NOV 7 2001
DEPUTY CLERK'S INITIALS ______

As provided by Fed. R. Civ. P. 41(a)(1)(i), this dismissal is without prejudice.

Dated: November 1, 2001

**WELLS FARGO & COMPANY**

By its counsel
**FAEGRE & BENSON LLP**

Felicia J. Boyd, #186168
Julie Knox Chosy, #225228
Faegre & Benson LLP
2200 Norwest Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901
(612) 336-3000

**Attorneys for Plaintiff**
**Wells Fargo & Company**

M2:20422134.01

**ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED** that pursuant to Plaintiff's Notice of Voluntary Dismissal filed pursuant to Fed. R. Civ. P. 41(a)(1)(i), the Complaint in this action against Defendants Louis Lu and pacificamericanintl.co. is **HEREBY DISMISSED** without prejudice.

Dated: November 2nd, 2001

BY THE COURT

JAMES M. ROSENBAUM
United States District Court Judge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

Wells Fargo & Company,

Plaintiff,

v.

Louis Lu, pacificamericanintl.co., and Network Commerce, Inc. d/b/a domainzero.com

Defendants.

Case No.: 01-663 (JMR/FLN)

**STIPULATION AND ORDER**

**STIPULATION**

**WHEREAS**, on or about April 17, 2001, plaintiff Wells Fargo & Company ("Wells Fargo") filed and served a Complaint against defendant Louis Lu and others for violation of the Anticybersquatting Consumer Protection Act, federal trademark infringement, trademark dilution under federal and state law, and unfair competition, in the United States District Court for the District of Minnesota (the "Action").

**WHEREAS**, the Action concerns the registration, use and maintenance of the domain name "wellsfargochina.com."

**WHEREAS**, Wells Fargo and Network Commerce, Inc. ("Network Commerce") have agreed to resolve the action between them based on the terms set forth herein.

MAY 30 2001
FILED ________
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ________
DEPUTY CLERK ________

**WHEREAS**, Wells Fargo is an internationally known banking and financial services company that operates under the Wells Fargo name throughout the United States.

**WHEREAS**, Wells Fargo is the registered owner of the mark WELLS FARGO®, which is registered with the United States Patent and Trademark office as Registration Nos. 708,531; 779,187; 838,059; 876,756; 891,203; 1,131,103; 1,138,966; 1,273,144; 1,268,820; 1,131,098; 1,274,680; 1,167,626, and 1,181,279. Wells Fargo is also the registered owner of a family of Wells Fargo marks.

**WHEREAS**, Wells Fargo's trademark registrations are conclusive evidence of the validity of the marks, Wells Fargo's ownership thereof, and Wells Fargo's exclusive right to use the marks. Consequently, the distinctiveness and secondary meaning of the marks is established.

**WHEREAS**, Wells Fargo has operated continuously under the "Wells Fargo" name for over a century. It has used the WELLS FARGO® marks continuously since their registration. The primary feature of each of the WELLS FARGO® marks are the words "Wells Fargo."

**WHEREAS**, Since December 12, 1994, Wells Fargo has maintained an Internet web site identified by the domain name "WELLSFARGO.COM."

**WHEREAS**, Wells Fargo is the owner of the entire right, title and interest in the service mark "wellsfargo.com" and was the first to use that trade name in interstate commerce to identify banking and financial services available from Wells Fargo over the Internet.

**WHEREAS**, Wells Fargo's marks are strong marks deserving of broad protection. In addition, as a result of longstanding use and marketing, the WELLS FARGO® marks have become well known and are famous.

**WHEREAS**, on or about September 15, 2000, defendant Louis Lu and pacificamericanintl.co. registered "wellsfargochina.com" as a domain name for a web site. Defendants Lu and pacificamericanintl.co. registered the infringing domain name with a registrar operated by Network Commerce.

**WHEREAS**, as the registrar, Network Commerce is the administrative, billing and technical contact for the domain name "wellsfargochina.com."

**WHEREAS**, as administrative contact for the "wellsfargochina.com" domain name, Network Commerce has the ability to control all aspects of the use of the domain name.

**NOW THEREFORE**, Wells Fargo & Company and Network Commerce, Inc., through their respective counsel, hereby stipulate and consent to entry of an Order as follows:

1. Network Commerce, Inc. shall immediately disable the domain "wellsfargochina.com."

2. Network Commerce, Inc. shall not reregister the infringing "wellsfargochina.com" domain name, or allow the same to be reregistered, absent further instruction from this Court.

3. Network Commerce, Inc. will advise plaintiff Wells Fargo & Company if it becomes aware of any requests or attempts made by others to reregister the domain "wellsfargochina.com."

4. For the limited purpose of facilitating a final adjudication of this action, Network Commerce, Inc. submits to the jurisdiction of the Minnesota courts~~, and the continuing jurisdiction of this Court over this action and the parties thereto.~~ JMR

5. Except for the continuing nature of the terms of this Order, this action against defendant Network Commerce, Inc. only is hereby dismissed in its entirety with prejudice and without the award of costs to either party.

6. ~~This Court will retain jurisdiction over this action to the extent necessary to enforce the terms of this Order and other issues arising therefrom.~~ JMR

Dated: May 22, 2001

**WELLS FARGO & COMPANY**

By its counsel
**FAEGRE & BENSON LLP**

Julie Knox Chosy

Felicia J. Boyd, #186168
Julie Knox Chosy, #225228
Faegre & Benson LLP
2200 Norwest Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901
(612) 336-3000

**Attorneys for Plaintiff**
**Wells Fargo & Company**

Dated: May 18th, 2001

**NETWORK COMMERCE, INC.**

By its counsel
**EISENHOWER & CARLSON**

Tracey Thompson
Eisenhower & Carlson, PLLC
1201 Pacific Avenue
Tacoma, Washington 98402

**Attorneys for Defendant**
**Network Commerce, Inc.**

M2 20388078.01

**ORDER**

The foregoing Stipulation is hereby approved and incorporated herein by reference. Based on the foregoing, **IT IS HEREBY ORDERED THAT:**

1. Network Commerce, Inc. shall immediately disable the domain "wellsfargochina.com."

2. Network Commerce, Inc. shall not reregister the infringing "wellsfargochina.com" domain name, or allow the same to be reregistered, absent further instruction from this Court.

3. Network Commerce, Inc. will advise plaintiff Wells Fargo & Company if it becomes aware of any requests or attempts made by others to reregister the domain "wellsfargochina.com."

4. For the limited purpose of facilitating a final adjudication of this action, Network Commerce, Inc. submits to the jurisdiction of the Minnesota courts, ~~and the continuing jurisdiction of this Court over this action and the parties thereto~~. JMR

5. Except for the continuing nature of the terms of this Order, this action against defendant Network Commerce, Inc. only is hereby dismissed in its entirety with prejudice and without the award of costs to either party.

6. ~~This Court will retain jurisdiction over this action to the extent necessary to enforce the terms of this Order and other issues arising therefrom.~~ JMR

Dated: May 29, 2001

BY THE COURT

JAMES M. ROSENBAUM
United States District Court Judge